UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| BRIAN COOK,<br><br>   Plaintiff,<br><br>v.<br><br>CYFIR, LLC, a Virginia limited liability company; TIM WOLFE; and ANDREW J. WARD,<br><br>   Defendants. | Case No. 1:20-cv-00394 |

**ANSWER AND AFFIRMATIVE DEFENSES OF
DEFENDANTS TO PLAINTIFF'S COMPLAINT**

Defendants CyFIR, LLC ("CyFIR"), Tim Wolfe and Andrew J. Ward (collectively referred to as "Defendants"), by and through their undersigned counsel, hereby respond to the allegations in the Complaint of Brian Cook ("Plaintiff") as follows:

### I.   INTRODUCTION

1. Defendants admit only that Plaintiff has filed a Complaint asserting claims for Fraudulent Misrepresentation and Inducement (Count I) against Defendants. The remaining allegations are denied.

2. Defendants admit only that the Complaint asserts a claim for Breach of Contract against CyFIR arising from an alleged breach of Plaintiff's Employment Agreement. Defendants deny that Plaintiff's employment agreement was breached.

### II.   THE PARTIES

3. Admitted.

4. Admitted, except that CyFIR's headquarters is currently located in Ashburn, Va.

5. Admitted.

6.      Admitted.

### III.    JURISDICTION AND VENUE

7.      The allegations in this paragraph are a conclusion of law to which no responsive pleading is required.  To the extent that a response is required, Defendants admit the allegations.

8.      The allegations in this paragraph as to jurisdiction are a conclusion of law to which no responsive pleading is required.  To the extent that a response is required, Defendants do not contest the issue of personal jurisdiction.  As to the various factual allegations, Defendants admit that CyFir has a principal place of business in Virginia; that Ward and Wolfe are officers and/or directors of CyFir and had a financial interest in the Company, and that Plaintiff's Employment Agreement provides at paragraph 20 that it is governed by Virginia law and provides that "any legal proceedings arising out of or relating to this Agreement shall be instituted in the Commonwealth of Virginia."  The remaining allegations are denied.

9.      The allegations in this paragraph as to venue state a conclusion of law to which no responsive pleading is required.  To the extent that a response is required, Defendants do not challenge venue and admit that the Employment Agreement provides that a legal proceeding arising out of or relating to the Agreement shall be instituted in the Commonwealth of Virginia and that some of the events alleged to give rise to the cause of action occurred in Virginia. Defendants deny that there was a breach of the Employment Agreement.

### IV.    FACTUAL BACKGROUND

**A.    Cy FIR'S RECRUITMENT OF COOK**

10.     Defendants admit only that Plaintiff held the position of Vice President and General Manger Travel and Transportation at DXC Technology at some period of time.  Defendants are

without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph, and therefore they are denied.

11. Defendants admit only that Plaintiff was employed at SITA at some period in time. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, and therefore they are denied.

12. Defendants admit only that Wolfe, beginning in or about December 2017, began to explore with Plaintiff whether there was a mutual interest in Plaintiff joining CyFir. The remaining allegations are denied.

13. Admitted.

14. Admitted.

15. Denied.

16. Denied.

17. Denied.

18. Defendants admit only that in or about April 2018, Plaintiff was provided with a copy of the Company's Confidential Private Placement Memorandum by email. The remaining allegations are denied.

19. Defendants admit only that in July 2018, Ward used email to forward to Plaintiff materials relating to an upcoming Board of Directors meeting. The remaining allegations are denied.

20. Denied.

21. Denied.

**B.     COOK'S EMPLOYMENT AGREEMENT**

22.     Defendants admit that some terms of Plaintiff's employment were set out in the Employment Agreement.  The remaining allegations are denied.

23.     Admitted.

24.     Admitted, except that the Agreement states that Plaintiff would be "eligible to receive," not that he "received."

25.     Admitted.

26.     Admitted.

27.     Admitted.

**C.     COOK'S EMPLOYMENT AT CyFIR**

28.     Denied.

29.     Denied.

30.     Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, and as such they are denied.

31.     Denied.

32.     Denied.

33.     Denied as stated.  Plaintiff was advised that the Board thought it was necessary to cut a significant amount of expenses, that the Board was recommending that management salaries be cut but that Plaintiff as CEO was ultimately responsible for identifying and executing the cost reductions.

34.     Denied.

35.     Defendants admit only that on December 3, 209 Wolfe and Ward informed Cook that his employment was being terminated.  The remaining allegations are denied.

36. Defendants deny that the Company did not provide any written notice to Cook. Defendants admit that the Company did not provide a cure period.

37. Defendants admit only that Plaintiff worked until January 3, 2020. Defendants are without knowledge or information sufficient to form a belief as to what Plaintiff did during this time period.

38. Admitted.

39. Admitted.

40. Defendants admit only that CyFir sent a letter to Plaintiff dated January 3, 2020. The remaining allegations are denied.

41. Admitted.

## COUNT I
## FRAUDULENT MISREPRESENTATIONS AND INDUCEMENT
## (AGAINST CYFIR, WOLFE AND WARD)

42. Defendants incorporate by reference their responses to paragraphs 1 through 41 above as if set forth in full herein.

43. Denied.

44. Denied.

45. Denied.

46. The allegations in this paragraph are a conclusion of law to which no responsive pleading is required. To the extent that a response is required, Defendants deny the allegations.

47. Defendants deny that they made false statements, misrepresentations or admissions. Whether Plaintiff reasonably and justifiably relied on any statements is an issue of law to which no responsive pleading is required. If a response is deemed required, Defendants deny the allegations.

48. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and as such they are denied.

49. Denied.

50. Denied.

## COUNT II
## BREACH OF CONTRACT
## (AGAINST CYFIR)

51. Defendants incorporate by reference their responses to paragraphs 1 through 50 above as if fully set forth herein.

52. The allegations in this paragraph are a conclusion of law to which no responsive pleading is required. To the extent a response is deemed required, Defendants admit the allegations.

53. Denied.

54. Admitted that this paragraph quotes the Employment Agreement in part.

55. Denied.

56. Admitted that this paragraph quotes the Employment Agreement in part.

57. Denied.

58. Denied.

## REQUEST FOR RELIEF

Defendants deny the allegations in the Request for Relief.

## AFFIRMATIVE DEFENSES

Defendants assert the following affirmative defenses without accepting any burdens of proof, except as required by law.

### First Affirmative Defense

Plaintiff's claims are barred in whole or in part because Plaintiff failed to plead fraud with sufficient particularity pursuant to Fed. R. Civ. P. 9(b).

### Second Affirmative Defense

Plaintiff's claims may be barred in whole or part because Plaintiff breached the Employment Agreement.  By reason of any such breach of contract, the Company has been excused of any duty it may have had to perform any obligation set forth in the Employment Agreement.

### Third Affirmative Defense

Plaintiff's claims may be barred in whole or in part because he would be unjustly enriched if permitted to recover against Defendants on the claims set forth in the Complaint.

### Fourth Affirmative Defense

Plaintiff's claims may be barred in whole or in part by the doctrine of after-acquired evidence.

### Fifth Affirmative Defense

Plaintiff's claims may be barred in whole or in part to the extent that he failed to mitigate or otherwise avoid liability or damages.

### Sixth Affirmative Defense

Plaintiff's claims  maybe barred by operation of a contractual exclusive remedy provision.

### Seventh Affirmative Defense

Defendants are entitled to offset and credit or set off of any damages.

### **Eighth Affirmative Defense**

Plaintiff's claims may be barred in whole or in part by the doctrines of laches, fraud, waiver, estoppel, and/or unclean hands.

### **Ninth Affirmative Defense**

Plaintiff's claims may be barred by the economic loss rule.

### **RESERVATION OF RIGHTS**

Defendants have insufficient knowledge or information on which to form a belief as to whether any of them may have additional, as yet unstated, defenses available.  Defendants reserve the right to amend or assert additional defenses which may become known during the course of discovery or revealed during pretrial proceedings.

WHEREFORE, Defendants respectfully requests that judgment be entered in their favor and against Plaintiff on the Complaint and that Defendants be awarded their costs and disbursements in this action, including reasonable attorneys' fees, and such other relief as the Court deems just and proper.

Respectfully submitted,

*/s/  Chad E. Kurtz*
Chad E. Kurtz, Esq.
VSB No. 88863
COZEN O'CONNOR
1200 19th Street NW, Suite 300
Washington, DC 20036
Phone:  202-463-2521
Facsimile:  202-640-5939
ckurtz@cozen.com

*Attorney for Defendants*
CyFIR, LLC, Tim Wolfe and Andrew J. Ward

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 22nd day of May, 2020, I caused a true and correct copy of the foregoing Answer and Affirmative Defenses to Plaintiff's Complaint to be filed via the Court's Electronic Case Filing System upon:

Charles B. Molster, III
Law Offices of Charles B. Molster, III PLLC
Wisconsin Avenue, N.W., Suite M
Washington, D.C. 20007

*Attorney for Plaintiff*

                                      /s/ Chad E. Kurtz
                                      Chad E. Kurtz, Esq.